```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DANA LAMB, and ACCESS NOW, INC.,

                  Plaintiffs,

vs.                                  Case No. 2:05-cv-93-FtM-33DNF

CHARLOTTE COUNTY, a political subdivision of the State of Florida,

                  Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant Charlotte County's Motion for Enlargement of Time (Doc. # 68), which was filed on May 3, 2006, and Plaintiffs' Motion for Reconsideration (Doc. # 69), which was filed on May 4, 2006.

Defendant seeks an extension of time in which to file a motion for attorney's fees and costs, and Plaintiffs seek an order reconsidering this Court's April 21, 2006, Order granting Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 66).

Upon due consideration, the Court denies both motions.

**I.   Motion for Reconsideration**

Plaintiffs seek an Order of reconsideration, arguing that this Court's dismissal of their action was improper due to the "futile gesture" doctrine.

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver., Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308.  Further, as explained in <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at 11 (citation omitted).

A trial court's denial of a motion for reconsideration is reviewed for an abuse of discretion. <u>O'Neal v. Kennamer</u>, 958 F.2d

1044, 1047 (11th Cir. 1992).

In this case, Plaintiffs have failed to demonstrate that there has been an intervening change in controlling law. In addition, Plaintiffs have not pointed to any new evidence. Further, Plaintiffs have not argued that reconsideration is needed to correct clear error. Instead, Plaintiffs have rehashed the arguments found in their motion for summary judgment and in their response to Defendant's motion to dismiss. Specifically, Plaintiffs assert that they should not be required to engage in the futile gesture of returning to the allegedly ADA noncompliant facilities when, as alleged by Plaintiffs, these facilities contain barriers to access which subject Plaintiffs to further injury. Plaintiffs state: "[The] Order ignores the 'futile gesture' doctrine by requiring a Plaintiff in a Title II ADA case to repeatedly subject himself to discrimination in order to establish standing, despite having actual knowledge of barriers to access, having already suffered an injury in fact as a result of those barriers and having a stated interest to return." (Doc. # 69 at 1).

This Court considered, and found unpersuasive, Plaintiffs' argument concerning the futile gesture doctrine. Plaintiffs' motion for reconsideration emphasizes that Plaintiff Lamb has already suffered an injury in fact because Plaintiff Lamb was forced to "urinate in the woods" due to Defendant's alleged failure to comply with the ADA. (Doc. # 69 at 2). This Court reminds

3

Plaintiffs that past injury does not carry the day in this case. Indeed, if monetary damages for violations of the ADA were available, this case would be in a different posture; however, Plaintiffs' remedies are limited to injunctive relief. As stated in the Court's Order of April 21, 2006, in order to have standing to seek an injunction, Plaintiff must demonstrate a threat of future injury. This Court's Order dismissed the case upon finding, <u>inter alia</u>, that Plaintiff Lamb could not credibly demonstrate a threat of future injury because Lamb lacked the requisite intent to return to the facility in question. As Plaintiff Access Now's standing was dependent on Lamb's standing in this case, the Court dismissed the action as to Plaintiff Access Now as well. This Court named eight of the factors it considered in determining that Plaintiff Lamb lacked the intent required to maintain standing to seek injunctive relief:

> (1) Lamb lives approximately one hour and forty five minutes (75 miles) away from the property; (2) Lamb's contact with the property has been infrequent; (3) Lamb has not been back to the property since filing the complaint; (4) there are other libraries and similar facilities closer to Lamb's home, including a library located only seven miles from his home; (5) Lamb has no connection to the property and no family or friends located near the property; (6) Lamb has no immediate or concrete plans to return to the property, only a non-specific "wish" to return if the property comes into compliance; (7) Lamb has filed many similar suits throughout a large geographic area; and (8) Lamb has evinced a desire to visit each of the many sites sued, despite the incredibility of such statements.

(Doc. # 66 at 12).

This Court stands behind its April 21, 2006 Order (Doc. # 66) and **DENIES** Plaintiffs' motion for reconsideration (Doc. # 69).[1]

**II.  Defendant's Motion for Extension of Time**

Defendant moves for an extension of time in which to file a motion for fees and costs.  Defendant correctly argues that Federal Rule of Civil Procedure 54 requires such motions to be filed within 14 days of the entry of judgment.  In this case, judgment has not yet been entered, as Rule 58, Fed. R. Civ. P., requires that judgment be set out in a separate document.  As Defendant desires to file its motion by May 15, 2006, and this Court will issue a judgment on or after May 4, 2006, there is no need for an extension of time.  Accordingly, Defendant's motion for an extension of time (Doc. # 68) is **DENIED AS MOOT.**  Any motion for fees filed within 14 days of the entry of the judgment in this case will be considered timely.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiffs' Motion for Reconsideration (Doc. # 69) is **DENIED.**

(2)  The Clerk is directed to enter Judgment for Defendant.

---

[1] It is noted that the Order in question (Doc. # 66) directed the Clerk to close the case but failed to include an instruction to the Clerk to enter Judgment.  At this time, the Court takes the opportunity to instruct the Clerk to enter Judgement for Defendant pursuant to the Court's Order granting Defendant's motion to dismiss (Doc. # 66).

(3)   Defendant Charlotte County's Motion for Enlargement of Time (Doc. # 68) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this <u>4th</u> day of May 2006.

                                                                  /s/ Virginia M. Hernandez Covington
                                                                  VIRGINIA M. HERNANDEZ COVINGTON
                                                                  UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record