UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANA LAMB, and ACCESS NOW, INC.,

                    Plaintiffs,

vs.                                Case No.   2:05-cv-93-FtM-33DNF

CHARLOTTE COUNTY, a political
subdivision of the State of Florida,

                    Defendant.
_____/

**ORDER**

      This matter comes before the Court pursuant to Defendant's Motion for Attorneys' fees and costs (Doc. # 74), which was filed on May 22, 2006; Plaintiffs' Motion to Stay Ruling on Defendant's Motion for Attorneys' Fees and Costs Pending Appeal (Doc. # 77), which was filed on June 1, 2006; and Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendant's Motion for Attorneys' Fees and Costs (Doc. # 78), which was filed on June 1, 2006.

      In an order dated April 21, 2006, this Court dismissed Plaintiffs' case for lack of subject matter jurisdiction. (Doc. # 66). Defendant seeks attorneys' fees and costs (Doc. # 74).

      The Court denies Defendant's motion for attorneys' fees because, as this Court dismissed the case under Federal Rule of Civil Procedure 12(b)(1), this Court never reached the merits of the case. The Court determines that Defendant is not a "prevailing party" as defined by <u>Buckhannon Board and Care Home, Inc v. West Virginia Health and Human Resources</u>, 532 U.S. 598, 604 (2001). The

Supreme Court's discussion of the definition of "prevailing party" for purposes of awarding fees in civil rights cases guides this Court's analysis. The Court explained that there must be a material alteration of the legal relationship between the parties for there to be a prevailing party for purposes of awarding attorneys' fees:

> In addition to judgments on the merits, we have held that settlement agreements enforced through a consent decrees may serve as the basis for an award of attorney's fees. Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered change in the legal relationship between the plaintiff and the defendant. . . . [J]udgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees. It seems clearly to have been the intent of Congress to permit an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claim, either in the trial court or on appeal.

(Internal citations omitted).

Finding that this Court's order dismissing Plaintiffs' cause for lack of jurisdiction did not touch upon the merits of the case, this Court determines that Defendant is not a "prevailing party." It is therefore unnecessary for this Court to analyze this case under the spectrum of <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978), which states, "A district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not

brought in subjective bad faith.")[1]

Thus, the Court denies Defendant's request for attorneys' fees and costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion for Attorneys' fees and costs (Doc. # 74) is **DENIED.**

(2) Plaintiffs' Motion to Stay Ruling on Defendant's Motion for Attorneys' Fees and Costs Pending Appeal (Doc. # 77) is **DENIED AS MOOT**.

(3) Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendant's Motion for Attorneys' Fees and Costs (Doc. # 78) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Fort Myers, Florida, this 20th day of June 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

---

[1] The holding of the Christiansburg case applies to ADA cases. Bruce v. City of Gainesville, 177 F.3d 949, 951-52 (11th Cir. 1999).